THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-552-FL

| | |
|---|---|
| ANITA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CUMBERLAND COUNTY BOARD ) | |
| OF EDUCATION, VANSTORY HILLS ) | |
| ELEMENTARY SCHOOL, and ) | |
| BETTY MUSSLEWHITE, *Principal*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915. Plaintiff's monthly expenses exceed her monthly unemployment income. Thus, the Court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and her application to proceed *in forma pauperis* is allowed. However, notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

1

At the outset, the Court notes that the instant action is related to an earlier one filed by Plaintiff against the same defendants in this Court, *Thomas v. Cumberland County School, et al.*, No. 5:09-CV-00359-FL (hereinafter "*Thomas I*"). *Thomas I* was initially closed on May 5, 2010, pursuant to a joint stipulation of dismissal with prejudice. However, in *Thomas I*, Plaintiff filed a Motion to Reopen Case pursuant to Federal Rule of Civil Procedure 60(b) [DE-42 in No. 5:09-CV-00359-FL] on December 3, 2010. Three days later, on December 6, 2010, Plaintiff filed an application to proceed *in forma pauperis* in the instant action. In order to explore the possibility of consolidation, should Plaintiff's "motion to reopen" *Thomas I* be granted, the Court held the instant matter in abeyance pursuant to an Order [DE-4] of the undersigned dated January 31, 2011. However, Plaintiff's "motion to reopen" *Thomas I* was denied by an Order [DE-58 in No. 5:09-CV-00359-FL] of Chief Judge Flanagan dated March 18, 2011, and, accordingly, the instant matter returns to the undersigned for frivolity review.

The instant action appears to arise out of the same facts and circumstances as *Thomas I*.[1] Defendants are Vanstory Hills Elementary School ("Vanstory Hills"), Principal Betty Musslewhite, and the Cumberland County Board of Education. Plaintiff formerly worked as a teacher's assistant and bus driver at Vanstory Hills. Plaintiff alleges that, during her employment, all African-American teacher's assistants were required to also take a school bus route, a duty that was not assigned to Caucasian teacher's assistants. On or about December 15, 2008, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging race-based employment discrimination based on this disparity. On April 29, 2009, the EEOC denied Plaintiff's claim and issued her a "right to sue" letter. In response,

---

[1] The complaint in the instant action does not itself contain a recitation of the specific facts upon which Plaintiff's action is based. However, given the obvious nexus between the two, the Court recites the salient facts as they were laid out in the complaint in *Thomas I*.

2

Plaintiff took two separate actions. First, on or about June 7, 2009, Plaintiff filed a second claim with the EEOC. It appears to the Court that this second EEOC claim, in addition to alleging wrongful discrimination, also alleged wrongful retaliation and wrongful termination arising out of Plaintiff's filing of the first EEOC claim. Second, on July 29, 2009, Plaintiff timely filed an application to proceed *in forma pauperis* in *Thomas I*. That application was granted and the Complaint [DE-5 in No. 5:09-CV-00359-FL] was filed on August 17, 2009. The complaint in *Thomas I* alleged wrongful discrimination, retaliation, and termination, all in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").[2] As previously discussed, *Thomas I* was terminated on May 5, 2010, pursuant to a joint stipulation of dismissal with prejudice. Subsequently, on September 13, 2010, the EEOC denied Plaintiff's second claim and issued her a second "right to sue" letter. On December 6, 2010, Plaintiff filed the instant application to proceed *in forma pauperis* and accompanying proposed Complaint [DE-1-1]. This complaint alleges unlawful retaliation, unlawful termination, infliction of emotional distress, and "conspiracy to demote and terminate in violation of North Carolina public policy." Compl. at 2. However, after careful review of the complaint, and giving due consideration to Plaintiff's *pro se* status, the Court concludes that Plaintiff's complaint fails to state a claim on which relief may be granted.

Under the doctrine of *res judicata*, claims asserted in a subsequent action may be barred if: (1) the first action concluded in a final judgment on the merits; (2) the subsequent action involves assertion of claims by persons who were parties to or in privity with parties in the first

---

[2] In *Thomas I*, Plaintiff also filed a Motion to Amend Complaint [DE-27 in No. 5:09-CV-00359-FL] which was granted by Order [DE-34 in No. 5:09-CV-00359-FL] on April 7, 2010. The amended complaint was drafted with the benefit of counsel and, in addition to Title VII claims, also included claims for 42 U.S.C. § 1981 race discrimination, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent retention, "wrongful retaliation in violation of public policy," and "wrongful termination in violation of public policy." Am. Compl. [DE-35 in No. 5:09-CV-00359-FL] at ¶¶ 28-48.

action; and (3) the claims asserted in the subsequent action are based on the same cause(s) of action as the first action. *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir. 1987). If an action fails to assert claims that are not barred by *res judicata*, it naturally follows that such an action fails to state a claim on which relief may be granted.

Here, all three of the *res judicata* conditions are clearly met. First, *Thomas I* was terminated pursuant to a joint stipulation of dismissal with prejudice and a voluntary dismissal with prejudice is a valid final judgment on the merits. *See, e.g., Kenny*, 820 F.2d at 669. Second, not only was Plaintiff herself clearly a party to both actions, but the named defendants in *Thomas I* and the instant action are the same as well. Finally, in the instant action, Plaintiff has only asserted claims which are based on the same causes of action raised in *Thomas I*. The complaint in the instant action alleges wrongful retaliation, wrongful termination, either intentional or negligent infliction of emotional distress, and a public policy claim, all of which were timely asserted in the complaint and/or the amended complaint in *Thomas I*. Rather, Plaintiff appears to be attempting to file a second version of the same action based entirely on her receipt of a second "right to sue" letter. However, the mere existence of a second "right to sue" letter, based on the same facts, circumstances, and claims actually litigated in *Thomas I*, does not operate to prevent *res judicata* from barring Plaintiff's claims in the instant action.[3] Accordingly, the Court finds that Plaintiff's complaint contains no claims that are not barred by *res judicata* and therefore fails to state a claim on which relief may be granted.

---

[3] The Court notes that there might well have been instances of discrimination, retaliation, and/or termination alleged in Plaintiff's second EEOC claim that were not also raised in the first EEOC claim. However, this is not the relevant inquiry for purposes of *res judicata*. Rather, the Court concerns itself with whether the claims ultimately raised in the first *action* are the same as those asserted in the instant one and there is nothing to indicate to the Court that this action in any way raises a claim that was not a subject of *Thomas I*.

4

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* [DE-1] is **GRANTED**. However, the Court **RECOMMENDS** that the Complaint [DE-1-1] be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 30th day of March, 2011.

DAVID W. DANIEL
United States Magistrate Judge

5