IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-552-FL

| | | |
|---|---|---|
| ANITA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CUMBERLAND COUNTY BOARD | ) | |
| OF EDUCATION; VANSTORY | ) | |
| HILLS ELEMENTARY SCHOOL; and | ) | |
| BETTY MUSSELWHITE, Principal, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to dismiss (DE # 17) and plaintiff's motion for leave to amend pursuant to Rule 15(a) (DE # 24). These motions have been fully briefed, and the issues raised now are ripe for adjudication. For the reasons that follow, plaintiff's motion is allowed and defendants' motion is denied as moot, without prejudice.

## STATEMENT OF THE CASE

On August 17, 2009, plaintiff filed a complaint alleging that she had been wrongfully terminated by defendants on account of her race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 et seq. In an amended complaint filed April 19, 2010, plaintiff added a discrimination claim under 42 U.S.C. § 1981 and state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, negligent retention, wrongful termination in violation of public policy, and wrongful retaliation in violation of public policy. Approximately one month later, on May 5, 2010, the parties filed a joint stipulation of

dismissal with prejudice. Plaintiff later sought to set aside this stipulation of dismissal under Rule 60(b), but the court denied her motion. See Thomas v. Cumberland Cnty. Bd. of Educ., No. 5:10-CV-359-FL, 2011 WL 779805 (E.D.N.C. Feb. 28, 2011), aff'd, No. 11-1296, 2011 WL 2438679 (4th Cir. June 20, 2011) (unpublished).

On October 6, 2010, plaintiff filed a motion for leave to proceed *in forma pauperis* in this separate action, seeking to assert retaliation claims under Title VII and state law claims for "infliction of emotional distress" and civil conspiracy. On May 19, 2011, the court allowed plaintiff to proceed, noting that "the joint stipulation of dismissal in [plaintiff's] previous Title VII discrimination case expressly carved out an exception for her Title VII retaliation claim . . . ." See Order at 1. Defendants appear to concede that the stipulation of dismissal in plaintiff's earlier lawsuit has no effect on the Title VII retaliation claim sought to be asserted here.

On June 15, 2011, defendants moved to dismiss plaintiff's complaint. They argue that plaintiff has failed to provide any factual allegations to support her claims, that some of plaintiff's claims are barred by *res judicata*, that defendant Betty Musselwhite ("Musselwhite") cannot be individually liable under Title VII, and that the conspiracy claim fails because an entity is incapable of conspiring with its own agents. Plaintiff filed her response in opposition on July 6, 2011, at the same time filing a motion to amend her complaint. Defendants responded in opposition to plaintiff's motion to amend, and plaintiff timely replied.

**DISCUSSION**

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Defendants filed their answer and motion to dismiss on

2

June 15, 2011. Plaintiff filed her motion for leave to amend exactly twenty-one (21) days later, on July 6, 2011. Because plaintiff had "an absolute right to amend [her] complaint . . . and need not [have sought] leave of court to do so," see Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010), her motion to amend must be ALLOWED. Defendants' motion to dismiss the original complaint is DENIED AS MOOT, without prejudice to renewal.

Although plaintiff's amended complaint must be accepted under Rule 15(a)(1)(B), the court notes that the amended complaint suffers from at least one of the same defects as her original pleading: Instead of providing any *factual* allegations (e.g., the date and form of the alleged retaliation), plaintiff has simply named the causes of action she seeks to assert. Plaintiff, whose *pro se* pleadings are to be read liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), is cautioned that any complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" see Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Because of this obvious deficiency in her complaint, plaintiff may wish to seek leave to further amend her complaint to provide factual support for her retaliation claim, as well as any other claim she seeks to assert, before the deadline set by the case management order. Leave will be "freely given [if] justice so requires." See Fed. R. Civ. P. 15(a)(2). The court cannot forecast how it would rule on a second motion to amend, which ruling would of course depend on the factual content of the proposed amended complaint, but it appears from the numerous documents filed by plaintiff that a non-frivolous Title VII retaliation claim could possibly be asserted.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for leave to amend (DE # 24) is ALLOWED. Defendants' motion to dismiss the original complaint (DE # 17) is DENIED AS MOOT, without prejudice to renewal.

SO ORDERED, this the ___17th___ day of August, 2011.

                                           LOUISE W. FLANAGAN
                                           Chief United States District Judge

4

Case 5:10-cv-00552-FL   Document 33   Filed 08/18/11   Page 4 of 4