IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:10-CV-552-FL

| | |
|---|---|
| ANITA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CUMBERLAND COUNTY BOARD | ) |
| OF EDUCATION; VANSTORY | ) |
| HILLS ELEMENTARY SCHOOL; | ) |
| BETTY MUSSELWHITE, Principal, | ) |
| KAREN KOONCE, and LYNN | ) |
| GLASS, | ) |
| | ) |
| Defendants. | ) |

This cause comes before the Court upon the following motions:

1) Defendants Cumberland County Board of Education's ("CCBOE"), Vanstory Hills Elementary School's ("Vanstory"), and Betty Musselwhite's motion to dismiss (DE-36);

2) Defendant Karen Koonce's motion to dismiss (DE-56);

3) Defendant Lynn Glass' motion to dismiss (DE-72);

4) Plaintiff's motion for leave to amend her complaint (DE's-35, 50); and

5) Plaintiff's motion to remove records (DE-82).

Each of these motions are ripe for adjudication and have been referred to the undersigned for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

## I. Background

### A. Thomas I

On August 17, 2009, Plaintiff filed a complaint in Anita Thomas v. Cumberland County Board of Education, *et al.*, 5:09-CV-359-FL ("Thomas I"), alleging she had been wrongfully terminated on account of her race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 *et seq*. Attached to her complaint was a letter dated June 11, 2009 and addressed to the EEOC, which stated, *inter alia*:

> I am now again filling a complaint for retaliation for filing an EEOC complaint. [O]n 6-2-2009 I received my annual evaluation in which there were four (4) areas marked unsatisfactory. I have not had any [counseling], write-ups or any notice that my work performance was not satisfactory . . .
>
> I am certain that the principal, Betty B Musselwhite is using the evaluation as a way of retaliating against me for filing an EEOC complaint . . .
>
> I received my "Right to Sue" letter on the previous complaint of race discrimination and I am looking for a lawyer to represent me in this case.
>
> Thomas I, DE-5, pg. 7.

Defendants moved to dismiss her complaint on September 30, 2009. Thomas I, DE-12. Because a defendant cannot be individually liable under Title VII, this Court dismissed Defendant Betty Musselwhite from the action without prejudice, citing Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). Thomas I, DE-26. A ruling on the remainder of Defendants' motion to dismiss was deferred. *Id.*

Plaintiff amended her complaint on April 19, 2010, adding a discrimination claim under 42 U.S.C. § 1981 and state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, negligent retention, wrongful termination in violation of public policy, and wrongful retaliation in violation of public policy. Thomas I, DE-35.

Specifically, in the amended Thomas I complaint, Plaintiff alleged that she was a teacher's assistant at Vanstory Hills Elementary School, where Defendant Musselwhite was the principal. Thomas I, DE-35, ¶¶ 3, 7. In addition to Betty Musselwhite, Plaintiff named CCBOE and Vanstory as Defendants. Thomas I, DE-35. Plaintiff asserted that, in 2008, she "was subjected to different terms and conditions of employment than her Caucasian co-workers." Thomas I, DE-35, ¶ 8. For example, Plaintiff contended that she: 1) was required to drive school bus routes that white employees were not required to drive; 2) was not given the same opportunities for advancement as white employees; and 3) after filing a complaint with the Equal Employment Opportunity Commission ("EEOC") she received the first negative employment evaluation in the history of her employment. Thomas I, DE-35, ¶¶ 9-10, 16-18.

The parties filed a joint stipulation of dismissal in Thomas I on May 5, 2010. Thomas I, DE-39. That stipulation dismissed all pending claims with prejudice, although it also noted that "[n]othing herein prejudices Plaintiff's rights, if any, to file other claims not currently pending before the Court." *Id.* Plaintiff later sought to set aside the stipulation of dismissal pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Thomas I, DE-42. This Court denied Plaintiff's request, and that decision was affirmed by the Fourth Circuit. Thomas I, DE's-58, 67.

**B. Thomas II**

Plaintiff submitted her original complaint in this case ("Thomas II") on December 6, 2010, accompanied by a motion to proceed *in forma pauperis* (DE-1). The original Thomas II complaint again named CCBOE, Vanstory and Musselwhite as Defendants. *Id.* In her original complaint, Plaintiff asserted retaliation claims in violation of Title VII, as well as state law claims for "infliction of emotional distress" and civil conspiracy. *Id.* Her complaint contained few factual allegations in support of these claims. However, she did attach the same June 11, 2009 letter that was attached to her original Thomas I complaint. (DE-1-3). *See also*, Thomas I, DE-5, pg. 7. Pursuant to Plaintiff's request to proceed *in forma pauperis*, a frivolity review of Plaintiff's original complaint was conducted. On May 19, 2011, it was determined that Plaintiff's original complaint survived frivolity review. (DE-11). In doing so, this Court noted that:

> Although it is acceptable in rare circumstances for the court to raise the affirmative defense of *res judicata* on its own initiative, see Arizona v. California, 530 U.S. 392, 412-13 (2000), plaintiff has raised a colorable argument that the voluntary stipulation of dismissal entered into in her previous case contains an express waiver of *res judicata* as to the Title VII retaliation claim she seeks now to assert in this lawsuit. Thus, the court finds it appropriate to allow plaintiff to proceed with this action.

*Id.*

Defendants moved to dismiss Plaintiff's original complaint on June 15, 2011.

4

(DE-17). In the motion to dismiss, Defendants alleged that: 1) Plaintiff's original complaint failed to meet the pleading standards of Ashcroft v. Iqbal, 129 S. Ct.1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007); 2) Plaintiff's claims were barred by *res judicata*; 3) there can be no individual liability against Defendant Musselwhite under Title VII; and 4) Plaintiff's conspiracy claims fail because an entity is incapable of conspiring with itself and its own agents. *Id.*

On July 6, 2011, Plaintiff moved to amend her complaint. (DE-24). The proposed amended complaint attached to this motion was three pages long and contained five causes of action. (DE-24-1). This motion was granted on August 18, 2011, and Defendants' pending motion to dismiss was denied, without prejudice, as moot. (DE-33, pg. 3). In describing Plaintiff's amended complaint, this Court noted: "the amended complaint suffers from at least one of the same defects as her original pleading . . . [i]nstead of providing any *factual* allegations (e.g., the date and form of the alleged retaliation), plaintiff has simply named the causes of action she seeks to assert." (DE-33, pg. 3). Furthermore, Plaintiff was admonished that "[b]ecause of this obvious deficiency in her complaint, plaintiff may wish to seek leave to further amend her complaint to provide factual support for her retaliation claim, as well as any other claim she seeks to assert, before the deadline set by the case management order." *Id.* The deadline for Plaintiff to seek further amendment of her complaint was September 6, 2011. (DE-34, pg. 4).

On September 6, 2011, Plaintiff filed a wholly different amended complaint ("Second Amended Complaint") than what had been submitted to the Court on July 6,

5

2011. (DE-35). The Second Amended complaint is 13 pages long and states the following claims: 1) "unlawful retaliation" in violation of Title VII; 2) "unlawful termination" in violation of Title VII; 3) "negligent interference and conspiracy" in violation of "North Carolina public policy Section 99-1"; 4) "intentional interference and conspiracy" in violation of "North Carolina public policy Section 99-1"; 5) "intentional infliction of emotional distress" in violation of Title VII and 6) "negligent infliction of emotional distress" in violation of Title VII. (DE-35, pg. 2). She again alleges that in 2008 she "was subjected to different terms and conditions of employment than her Caucasian co-workers." (DE-35, pg. 4, ¶ 10). For example, Plaintiff repeats her contention from Thomas I that she was required to drive school buses while other employees were not. *Id.*

Plaintiff did not request leave to further amend her complaint prior to filing the Second Amended Complaint. However, on September 29, 2011, Plaintiff did file a "motion to add proposed order to amended complaint." (DE-50). Liberally construed, the September 29, 2011 filing is an untimely request for leave to further amend her complaint.

Defendants responded by filing the instant motions to dismiss, which have now been referred to the undersigned.

## II. Analysis

### A. Plaintiff's motion to amend (DE's-35, 50)

Plaintiff, as a *pro se* litigant, is entitled to have her pleadings construed more

liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). In light of this, the undersigned shall construe Plaintiff's September 6, 2011 and September 29, 2011 filings (DE's-35, 50) as motions to amend her complaint.

Rule 15(a) of the Federal Rules of Civil Procedure states that a party's pleadings may be amended upon written consent of the adverse party or by leave of court. Leave to amend the pleadings "shall be freely granted when justice so requires." This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). *See also*, Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)."). Leave to amend should be given freely in the absence of undue delay, bad faith, improper motive, futility, undue prejudice to the opposing party, or some other justifying reason. Bireline v. Seagondollar, 567 F.2d 260 (4th Cir. 1977). Moreover, delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility. Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (*quoting*, Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

Here, Defendants "object to the bait and switch filing of the Not-Approved Complaint, which occurred without permission from the Court or advance notice to Defendants." (DE-37, pg. 2). The undersigned agrees that Plaintiff has disregarded the explicit directives of this Court. On August 18, 2011, Plaintiff was specifically notified that any further amendment of her Complaint required leave of court. (DE-33, pg. 3).

7

Despite this admonition, Plaintiff filed the Second Amended Complaint on September 6, 2011 without an accompanying motion to amend. (DE-35).

Plaintiff's failure to abide by this Court's instructions notwithstanding, the crux of Defendants' argument is that Plaintiff's motion to amend is untimely. The deadline for Plaintiff to amend her complaint was September 6, 2011. (DE-34). Although Plaintiff filed her proposed amended complaint on September 6, 2011, her request for leave was not filed until September 29, 2011. (DE-50). However, even if her request for leave to amend is deemed untimely, delay alone is an insufficient reason to deny a motion to amend. Edwards, 178 F.3d at 242. Thus, the undersigned must determine whether Plaintiff's delay was accompanied by prejudice, bad faith, or futility.

Here, Defendants were not prejudiced because Plaintiff's delay was minimal, and, moreover, they were on notice within the deadline for amending the pleadings that Plaintiff sought to pursue additional claims. Moreover, despite Plaintiff's failure to strictly abide by the instructions of this Court, there is no indication that she proceeded in bad faith. Plaintiff's motion to amend should not be denied on either of those grounds.

However, for reasons that will be discussed more fully in the following section, many of Plaintiff's proposed amendments are futile. An amendment is futile if it cannot withstand a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). Only Plaintiff's Title VII retaliation claims against Defendants CCBOE and Vanstory would survive a motion to dismiss, and therefore her remaining proposed

8

amendments are futile.

For that reason, the undersigned RECOMMENDS that Plaintiff's motion to amend (DE'S-35, 50) be GRANTED IN PART AND DENIED IN PART. Specifically, it is RECOMMENDED that Plaintiff be permitted to amend her complaint with regard to her Title VII retaliation claims. In all other respects, it is RECOMMENDED that Plaintiff's motion to amend be DENIED because the proposed amended claims are futile. Should this recommendation be adopted, it is further RECOMMENDED that Defendants' motions to dismiss (DE's-36, 56 & 72) be DENIED AS MOOT. Alternatively, it is RECOMMENDED that Plaintiff's motion to amend be GRANTED, and that Defendant's motions to dismiss be GRANTED for the reasons discussed below. Regardless, the undersigned RECOMMENDS that Plaintiff be permitted to proceed with her Title VII retaliation claims against Defendants CCBOE and Vanstory. (DE-35, pg. 2 ¶¶ A-B).

**B.  Defendants' Motions to Dismiss**

Each Defendant has moved to dismiss portions of Plaintiff's complaint pursuant to Rule 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

9

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1947-1951.

Defendants largely raise identical arguments in their individual motions to dismiss. These argument shall now be analyzed in turn.

**1.   *Res Judicata***

Defendants contend that Plaintiff's claims of Title VII discrimination, intentional or negligent infliction of emotional distress, and retaliation or discrimination in violation of North Carolina public policy fail because they have already been adjudicated and were dismissed with prejudice in Thomas I. Plaintiff's Title VII retaliation claims against Defendants CCBOE and Vanstory were not adjudicated in Thomas I.

Under the doctrine of *res judicata*, claims asserted in a subsequent action may be barred if: (1) the prior action ended in a final judgment on the merits; (2) the later action

10

Case 5:10-cv-00552-FL   Document 88   Filed 01/27/12   Page 10 of 14

involves claims by parties who were also parties in the prior action; and (3) the claims in the later action are the same claims asserted in the prior action. Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir. 1987). All three elements are met here. First, the voluntary dismissal with prejudice in Thomas I was a valid, final judgment on the merits. *Id.* Second, the instant action has the identical parties as in Thomas I. Finally, the claims listed above were already asserted in Thomas I. For these reasons, Plaintiff's Title VII discrimination, intentional or negligent infliction of emotional distress, and retaliation or discrimination in violation of North Carolina public policy claims (DE-35, pg. 2 ¶¶ C-F) are without merit. Accordingly, it is RECOMMENDED that Plaintiff's motion to amend be DENIED with regard to these claims, or in the alternative, Defendants' motions to dismiss (DE's-36, 56, 72) be GRANTED with regard to these claims.

**2. N.C. Gen. Stat. § 99-1**

In her third and fourth claims, Plaintiff cites "North Carolina Public Policy § 99-1" as basis for her claims. (DE-35, pg. 2 ¶¶ C-D). Assuming Plaintiff is relying upon N.C. Gen. Stat. § 99-1, that section is inapposite because it relates to: "libel against newspaper; defamation by or through radio or television station; notice before action." N.C. Gen. Stat. § 99-1. This statute relates only to the required notice required before filing certain libel or slander action and establishes no independent basis of relief. Moreover, Plaintiff does not assert that Defendants published through newspaper, radio or television any slanderous or libelous statements.

In a response to the instant motions, Plaintiff attempts to clarify these claims, noting

"Betty Musselwhite, Karen Koonce and Lynn Glass are being sued in their individual capacity for violation of North Carolina Public Policy § 99D." (DE-49, pg. 5). Assuming this is a reference to N.C. Gen. Stat. § 99D, that section is inapplicable on its face. Specifically, N.C. Gen. Stat. § 99D-1 states: "[n]o civil action may be brought or maintained, and no liability may be imposed, under this Chapter against a governmental unit, a government official with respect to actions taken within the scope of his official governmental duties, or an employer or his agent with respect to actions taken concerning his employees within the scope of the employment relationship." N.C. Gen. Stat. § 99D-1(c).

Moreover, these claims allege civil conspiracy. However, the intra-corporate conspiracy doctrine holds that a corporation cannot conspire with itself, just as an individual cannot conspire with himself. Buschi v. Kirven, 775 F.2d 1240, 1251-1252 (4th Cir. 1985). An allegation that a corporation is conspiring with its agents, officers or employees is tantamount to accusing a corporation of conspiring with itself. *Id*. The intra-corporate conspiracy doctrine has been applied to a public entity and its employees. Iglesias v. Wolford, 539 F. Supp. 2d 831, 836 (E.D.N.C. 2008)(citations omitted).

These facts constitute an alternate basis for dismissing Plaintiff's third and fourth claims. (DE-35, pg. 2, ¶¶ C-D). Accordingly, it is RECOMMENDED that Plaintiff's motion to amend be DENIED with regard to these claims, or in the alternative, Defendants' motions to dismiss (DE's-36, 56, 72) be GRANTED with regard to these claims.

### 3. Plaintiff's claims against individual Defendant's

Plaintiff has named Betty Musselwhite, Karen Koonce, and Lynn Glass individually as Defendants in her complaint.[1] However, individuals may not be held personally liable under Title VII. Lissau, 159 F.3d at 180-181. Indeed, this Court previously dismissed Betty Musselwhite from Thomas I for this reason. Thomas I, DE-26.

Therefore, Plaintiff's Title VII claims against Defendants Musselwhite, Koonce and Glass (DE-35, pg. 2, ¶¶ A, B, E, F)—including the Title VII retaliation claims—are without merit. Accordingly, it is RECOMMENDED that Plaintiff's motion to amend be DENIED with regard to these claims, or in the alternative, Defendants' motions to dismiss (DE's-36, 56, 72) be GRANTED with regard to these claims.

### C. Plaintiff's motion to remove records (DE-82)

Finally, Plaintiff requests that the Court remove from the docket personal medical records she inadvertently filed. Specifically, Plaintiff states that she "did not have a full understanding of submitting documents in discovery and inadvertently served both the court and defendants in error." (DE-82). It is RECOMMENDED that this request be GRANTED and that these medical records (DE-67-1) be STRICKEN from the docket.

---

1  Defendants Koonce and Glass also assert that they have not been properly served. Both allege that Plaintiff attempted to serve them by leaving copies of the Summons and Proposed Amended Complaint in their work mail box. Plaintiff contends that these Defendants were properly served, noting "[t]he Summons was sent to the Marshall's [sic] office by the clerk of Court." (DE-66, pg. 3).

The undersigned first notes that, because Plaintiff is proceeding *in forma pauperis*, the Clerk of Court was directed to issue summonses for Defendant. (DE-11). Moreover, noncompliance with Rule 4 of the Federal Rules of Civil Procedure does not mandate dismissal where the necessary parties have received actual notice of the suit and have not been prejudiced by the technical defect in service. *See,* Karlsson v. Rabinowitz, 318 F.2d 666, 668–669 (4th Cir. 1963). The undersigned does not recommend dismissal of Plaintiff's claims against Defendants Koonce and Glass due to improper service.

### III. Conclusion

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's request to amend her complaint (DE's-35, 50) be GRANTED IN PART AND DENIED IN PART, and that Defendants' motions to dismiss (DE's 36, 56, & 72) be DENIED AS MOOT. Alternatively, it is RECOMMENDED that Plaintiff's motion to amend be GRANTED (DE's-35, 50), and that Defendants' motions to dismiss (DE's 36, 56, & 72) be GRANTED. The undersigned RECOMMENDS that Plaintiff be permitted to proceed with her Title VII retaliation claims against Defendants CCBOE and Vanstory, and that Plaintiff's remaining claims be DISMISSED.

Finally, it is RECOMMENDED that Plaintiff's motion to remove records (DE-82) be GRANTED, and that docket entry 67-1 be STRICKEN from the record.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, January 27, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE