IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-552-FL

| | |
|---|---|
| ANITA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CUMBERLAND COUNTY BOARD ) | |
| OF EDUCATION; VANSTORY ) | |
| HILLS ELEMENTARY SCHOOL; ) | |
| and BETTY MUSSLEWHITE, Principal, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motions to dismiss of defendants Cumberland County Board of Education ("CCBOE"), Vanstory Hills Elementary School ("Vanstory"), and Betty Musslewhite (DE # 36), the motion to dismiss of defendant Karen Koonce (DE # 56), the motion to dismiss of defendant Lynn Glass (DE # 72), plaintiff's *pro se* motions to amend complaint (DE # 35, 50), and plaintiff's *pro se* motion to remove records (DE # 82). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein he recommends that the court deny as moot defendants' motions to dismiss, grant in part and deny in part plaintiff's motions to amend, and grant plaintiff's motion to remove records. Plaintiff timely filed objections to the M&R and defendants did not file any objections. The time in which to file objections has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge.

## BACKGROUND

The magistrate judge provided a thorough procedural history of this case in the M&R, which involves two separate lawsuits brought by plaintiff against the instant defendants. Where no specific objections to the magistrate judge's recitation of the case background are now raised, the court incorporates by reference the background as set forth in the M&R. (M&R 2-6).

Plaintiff does, however, appear to raise certain factual objections to the M&R. These objections argue that the magistrate judge failed to include certain facts in the M&R which plaintiff contends support the allegations made in her proposed amended complaints, specifically allegations that defendant Musslewhite terminated plaintiff based on pretextual reasons,[1] plaintiff was never disciplined or written up at work for poor performance, and that plaintiff never received certain evaluations until she filed her claim with the Equal Employment Opportunity Commission ("EEOC"). Where the magistrate judge's and court's analysis focus at this juncture on whether or not plaintiff can amend her complaint, specific consideration of certain factual allegations made by plaintiff is premature and there was no error in the magistrate judge's failure to mention these factual allegations in the M&R. Plaintiff's objections are overruled.

Additionally, to the extent plaintiff lodges factual objections that the magistrate judge did not consider whether "the corporate veil can be broken" and whether defendants' actions fall within the scope of their job, these objections are not specific and appear to relate to questions of law that are irrelevant or premature at this time. As such, they are overruled.

---

[1] Plaintiff notes that this factual allegation is supported by an audio recording which is the subject of the court's order at docket entry 28. Where that order directed plaintiff to provide certification of the transcript of audio recording and service of the same on all parties, plaintiff's certification at docket entry 30 demonstrates that plaintiff complied with the court's order.

2

## DISCUSSION

A.  Standard of Review

Rule 15(a) provides that a party's pleadings may be amended upon written consent of the adverse party or by leave of court. Leave to amend the pleadings "shall be freely granted when justice so requires." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Id. Leave to amend should be freely given in the absence of undue delay, bad faith, improper motive, futility, undue prejudice to the opposing party, or some other justifying reason. Bireline v. Seagondollar, 567 F.2d 260, 262 (4th Cir. 1977). Delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility. Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In addition to the pleadings, the court may look only to documents attached to the

3

complaint or documents attached to the motion to dismiss that are integral to the complaint and authentic, and may also take judicial notice of matters of public record. Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Additionally, as noted by the magistrate judge, where plaintiff proceeds *pro se*, the court construes plaintiff's pleadings more liberally than pleadings drafted by counsel. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Plaintiff's motions to amend and defendants' motions to dismiss are before the court with benefit of the magistrate judge's analysis. The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B. Analysis

    1. Plaintiff's Motion to Amend

As detailed in the defendants' motions and in the M&R, plaintiff originally sought leave to amend her complaint on July 6, 2011, which relief the court granted in order lodged on the docket at entry 33. The court's order forecast further amendment of plaintiff's complaint, specifically with

regard to her retaliation claim, and provided a deadline of September 6, 2011. On September 6, 2011, plaintiff filed a different amended complaint which is lengthier than the previous amended complaint submitted July 6, 2011. Plaintiff asserts claims of 1) unlawful retaliation under Title VII, 42 U.S.C. § 2000e-5 *et. seq.* ("Title VII"); 2) unlawful termination in violation of Title VII; 3) negligent "interference and conspiracy in violation of North Carolina public policy Section 99-1; 4) intentional interference and conspiracy in violation of North Carolina public policy section 99-1; 5) intentional infliction of emotional distress; and 6) negligent infliction of emotional distress. (Prop. Am. Compl. 2).[2] In addition, plaintiff also filed "motion to add proposed order to amended complaint," lodged on the docket at entry 50, on September 29, 2011. This last motion, which the magistrate judge construed as further attempt to amend complaint, consists of a proposed order to be entered by the court that states that plaintiff has sufficiently pleaded a non-frivolous claim for retaliation. Defendants object to all of the proposed amendments to complaint filed in September 2011 as described herein.

The magistrate judge found that plaintiff's request for leave to file amended complaint was untimely, but that delay alone is an insufficient reason to deny a motion to amend. See Edwards, 178 F.3d at 242. The magistrate judge further found that plaintiff's claims in her proposed amended complaints, except for her Title VII retaliation claims against defendants CCBOE and Vanstory, were futile, and therefore the motions to amend should not be granted as to those claims.[3] See

---

[2] Many of these claims, including Title VII discrimination, public policy claims, and negligent and intentional infliction of emotional distress were dismissed with prejudice in plaintiff's first lawsuit. (See M&R 10).

[3] The M&R offers alternative rulings that achieve the same effect. Granting in part plaintiff's motions to amend as to the retaliation claim and denying the remainder of the motions to amend achieves essentially the same outcome as granting in part and denying in part defendants' motions to dismiss. The court adopts the magistrate judge's recommendation to grant in part and deny in part plaintiff's motions to amend and to deny defendants' motions to dismiss
(continued...)

5

Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). The magistrate engaged in a careful and thorough analysis that the court has reviewed de novo, and finds no error, adopting the analysis as its own.

Plaintiff states that she has no objection to the magistrate judge's recommendation that the proposed amended complaints not be allowed as to plaintiff's North Carolina public policy claims. (Pl.'s Obj. 1). Where the court finds the magistrate judge's analysis as to the public policy claims to be sound and plaintiff lodges no objection to the same, the magistrate judge's findings and recommendations are adopted by this court in their entirety.

Plaintiff's objections with regard to her compliance with this court's directives are overruled where plaintiff did file proposed amended complaint out of time on September 29, 2011, however, such concerns are now moot where the magistrate judge recommends that the court grant the motions to amend despite any untimeliness.

Plaintiff's objection with regard to service of defendants is also overruled where the magistrate judge considered defendant Koonce's and defendant Glass' motions to dismiss based on improper service, and found that dismissal on this basis was inappropriate where the defendants had actual notice of the suit and were not prejudiced by the technical defect in service. (See M&R 13 n.1).

Plaintiff's last objections concern the issue of res judicata and the magistrate judge's discussion of the same with regard to the claims in plaintiff's proposed amended complaint.

---

[3](...continued)
as moot. While the court's discussion herein is focused primarily on the motions to amend, the substantive arguments in defendants' motions have been carefully considered by the court and incorporated where appropriate into the instant ruling.

Plaintiff's objection clearly states "<u>plaintiff is in no way attempting to revive the Discrimination case.</u> This case is for Retaliation and the <u>associated harms</u>." (Pl.'s Obj. 4) (emphasis in original). Plaintiff thus lodges no objection to the magistrate judge's recommendation that the Title VII discrimination claims against defendants not be allowed to go forward. Plaintiff also offers no objection to the magistrate judge's recommendation that the claims for negligent and intentional infliction of emotional distress are futile and therefore the motions to amend complaint should be denied in part as to those claims. Where no specific objection is timely filed and the magistrate judge's analysis contains no error, the court adopts the magistrate judge's findings and recommendations as to the emotional distress claims as well.

Although unclear, plaintiff also appears to object to the finding that the Title VII retaliation claims cannot proceed against individual defendants Musslewhite, Koonce, and Glass. As noted by the magistrate judge, individuals may not be held personally liable under Title VII. <u>Lissau v. Southern Food Serv., Inc.</u>, 159 F.3d 177, 180-81 (4th Cir. 1998). Thus, plaintiff's attempt to amend complaint to include Title VII retaliation claims against these defendants is futile and is not allowed.[4]

Based on the foregoing, plaintiff's motions to amend complaint are granted in part as to the Title VII retaliation claim against defendants CCBOE and Vanstory, and are denied in part as to all other claims. Defendants' motions to dismiss are accordingly denied as moot.

---

[4] Where plaintiff suggests that the Supreme Court case, <u>Burlington Northern and Santa Fe Ry. Co. v. White</u>, 548 U.S. 53 (2006) counsels a different result, the court does not agree where the <u>Burlington</u> decision does not appear to address the question of whether individuals may be sued in their individual capacities under Title VII.

7

2. Plaintiff's Motion to Remove Records

Where no objection is lodged as to the magistrate judge's recommendation to allow plaintiff's motion at docket entry 82, the court adopts the recommendation of the magistrate judge with regard to this motion.

## CONCLUSION

In sum, the magistrate judge recommends granting in part and denying part plaintiff's motions to amend complaint, denying as moot defendants' motions to dismiss, and granting plaintiff's motion to remove records. Upon considered review of the M&R, the court finds that the conclusions reached by the magistrate judge are supported by controlling case law as applied to the facts of this case. As such, the court ADOPTS in full the findings and recommendations of the magistrate judge. Accordingly, plaintiff's motions to amend complaint (DE # 35, 50) are GRANTED in part as to plaintiff's Title VII retaliation claim against defendants CCBOE and Vanstory only, and DENIED in part as to all other claims. Defendants' motions to dismiss (DE # 36, 56, 72) are DENIED AS MOOT, and plaintiff's motion to remove records (DE # 82) is GRANTED. The filing lodged at docket entry 67-1 is to be STRICKEN from the record.

Where discovery in this case previously was stayed pending disposition of defendants' motions to dismiss, the parties now are DIRECTED to confer within twenty-one (21) days of date of entry of this order. Within fourteen (14) days of conference, the parties shall submit to the court a joint report and plan detailing the deadlines and relevant information for case scheduling events remaining to take place. Reference is made to the case management order lodged on the docket at entry 34, which includes the relevant deadlines and events for the parties to consider at conference.

Where this matter is currently set for trial to begin July 16, 2012, the Clerk is DIRECTED to remove this matter from the court's civil trial calendar on that date in light of the decisions made herein. New trial date will be set upon receipt and consideration of the parties' joint report.

SO ORDERED, this the 16th day of May, 2012.

LOUISE W. FLANAGAN
United States District Court Judge