IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-552-FL

| | | |
|---|---|---|
| ANITA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CUMBERLAND COUNTY BOARD | ) | |
| OF EDUCATION; and VANSTORY | ) | |
| HILLS ELEMENTARY SCHOOL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the parties' cross-motions for summary judgment (DE 112, 122).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein it is recommended that defendants' motion be granted and plaintiff's motion be denied (DE 125). For the following reasons, the court adopts the recommendation of the magistrate judge. Also before the court is plaintiff's motion seeking relief from her obligation to compensate the mediator (DE 111), which the court grants in accordance with the court's local rules.

---

[1] The court notes that when a motion is considered, all of the underlying documents related to that motion are considered along with it. Plaintiff filed a notice with the court today seeking to have the court consider her memorandum in support of motion for summary judgment and response in opposition to defendants' motion for summary judgment. The court has fully considered these documents, along with all other documents filed in this case. Memoranda, responses, and replies are also submitted as a matter of course to the magistrate judge when any motions are referred.

BACKGROUND

The court references the detailed background in the M&R, and briefly summarizes further as follows. Plaintiff, acting *pro se*, filed complaint against defendants as an appeal from dismissal by the Equal Employment Opportunity Commission ("EEOC") of her claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. Plaintiff asserts a Title VII retaliation claim against defendants Cumberland County Board of Education ("CCBOE") and Vanstory Hills Elementary School ("VHES"). Plaintiff was employed as a teaching assistant ("TA") at VHES on successive one-year contracts from 2005 to 2009. In 2008, plaintiff assisted another in filing a charge of discrimination with the EEOC, then filed her own EEOC charge on February 23, 2009. Plaintiff was evaluated by two teachers for which she worked during the 2008-2009 school year in the spring of 2009, and was not re-hired in or around July 2009.

DISCUSSION

A.     Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Objections

Plaintiff makes several objections to the M&R. As to the background, plaintiff contends that several favorable facts were left out, including that she worked for another school for one year before starting at VHES, that she reapplied for her TA job as usual, that she had worked for one teacher two years in a row, that plaintiff did not have the chance to see her negative evaluations from her last year of working at VHES, and that she was told budgetary concerns were the reason plaintiff was not rehired, instead of poor performance.[2] Pl.'s Obj. 2-4. Each of these facts are either immaterial or discussed in the M&R without being included in the background section. Nonetheless, the court recognizes and considers these "additional" facts, to the extent they are supported by evidence in the record, in its consideration of the M&R's substantive analysis.

As to the analysis in the M&R, plaintiff asserts that the poor performance evaluations in her last year of employment were a pretext and defendants are not credible because they told plaintiff that she was not rehired because of budgetary concerns. As evidenced in the record, defendants only rehired thirteen (13) of the twenty (20) TAs for the 2009-2010 school year, and each rehired TA had a better performance evaluation than plaintiff. However, plaintiff asserts that her most recent performance evaluations was false and cites to her positive evaluations from previous years in addition to thank you notes from teachers to support this assertion. Thus, the issue raised is whether this evidence is sufficient to find that the employer's asserted justification for not rehiring plaintiff is false. See Pl.'s Obj. 11 (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000)). As stated in the M&R, it is not inconsistent for defendants to chose which employees will not be

---

[2] Plaintiff also asserts that defendants' own policies are to base rehiring decisions on seniority, and not performance evaluations. As explained in defendants' response, the seniority policy was not triggered in this case because plaintiff was not rehired at the conclusion of her one-year term of employment. Seniority preference is given as a matter of policy when a TA must be laid off before the conclusion of her term.

rehired, in light of budget restraints, on the basis of performance evaluations. M&R 13-14. The court adopts the thoughtful analysis in the M&R, and finds that plaintiff has not shown that defendants' asserted reason for not rehiring plaintiff was a pretext.

C.  Payment of Mediator

Plaintiff also moved for relief from payment to the mediator, Ann Anderson, in relation to mediation held on February 5, 2013. On March 13, 2013, the court ordered certain supplementations to plaintiff's motion in accordance with the local rules. Supplementation was filed on March 27, 2013, which particularly accounted for plaintiff's half of the costs of mediation and provided plaintiff's financial information.

Under the court's local rules regarding alternative dispute resolution, a mediator's fee "shall be paid in one equal share by the plaintiff" and "one equal share by the defendant (or defendants)," unless otherwise agreed by the parties or ordered by the court in the interest of fairness. Local Civil Rule 101.1b(b). If a party is unable to pay a mediator's fee, the party "shall before the conference, file a motion with the court to be relieved of the obligation to pay," accompanied by an "affidavit of financial standing." Local Civil Rule 101.1b(c). Once a case is complete, the court considers "the outcome of the case," and "may relieve the party of its obligation to pay the mediator if payment would cause a substantial financial hardship." Id.

In consideration of the outcome of this case, and the financial documentation submitted by plaintiff, the court finds such relief is appropriate. Plaintiff would suffer "substantial financial hardship," upon payment to the mediator, given her limited financial resources. Therefore, plaintiff is relieved of her obligation to pay. The mediator shall remain uncompensated as to plaintiff's half of the mediation fee, with the court's gratitude for her *pro bono* service.

4

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendation of the magistrate judge (DE 125), GRANTS defendants' motion for summary judgment (DE 112), and DENIES plaintiff's motion for summary judgment (DE 122). In accordance with the Local Rules, plaintiff's motion for relief from her obligation to pay the mediator is GRANTED (DE 111). The clerk shall, as a courtesy, provide a copy of this order to the mediator, Ann Anderson, Post Office Box 93, 214 East Marion St., Pilot Mountain, NC 27041. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of September, 2013.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge